UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | No. 18-cv-50048 |
| v. | ) | |
| DANIEL E MACKENZIE, | ) | Judge |
| Defendant. | ) | |

## **COMPLAINT**

The United States of America, by John R Lausch, Jr, United States Attorney for the Northern District of Illinois, brings this action against the defendant, Daniel E Mackenzie, and for its cause of action states:

1. This Court has jurisdiction over this matter pursuant 28 U.S.C. § 1345.

2. The defendant, Daniel E Mackenzie, resides within the jurisdiction of the court.

3. Pursuant to the provisions of Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 – 1087-2, and regulations promulgated thereunder 34 C.F.R. Part 682, the defendant executed promissory notes as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibits "A" and "B", respectively.

4. All due credits and set-offs have been applied to the debt and there remains due and owing the principal sum of $5,150.03 plus $12,621.14 interest through October 18, 2017, with interest continuing to accrue at the contract rate, which debt, despite demand, has not been paid.

WHEREFORE, the United States demands judgment against the defendant as follows:

  a.  in the amount of $17,771.17 ($5,150.03 principal and $12,621.14 interest accrued through October 18, 2017);

  b.  interest to continue to accrue at the contract rate until the date of Judgment;

  c.  costs of suit as authorized by 28 U.S.C. §2412(a)(2); and

  d  for such other proper relief as this court may deem just.

        Respectfully submitted,

        JOHN R LAUSCH, JR
        United States Attorney

    By:  s/*Ashley K. Rasmussen*
        ASHLEY K. RASMUSSEN
        Potestivo & Associates, P.C.
        Attorneys for Plaintiff
        223 W. Jackson Blvd., Suite 610
        Chicago, Illinois 60606
        arasmussen@potestivolaw.com.
        312-263-0003

**ILLINOIS GUARANTEED LOAN PROGRAM**
WILMOT ROAD DEERFIELD, IL 60015
312-945-7040

**IGLP INTERIM NOTE (PROMISSORY)**
(20 U.S.C. 1071-1087-2)

10/07/88

REDACTED
FOR AGENCY USE ONLY

LENDER: REDACTED
ITASCA BANK & TRUST CO
MUEL R BOOK
8 W IRVING PARK
ITASCA    IL 60143

MAKER:
MACKENZIE   DANIEL   E
807 IRVING PARK RD
ITASCA    IL 60143

SCHOOL: 001773
TRITON COLLEGE
FINANCIAL AID OFFICER
2000 N FIFTH AVE
RIVER GROVE    IL 60171

### Federal Truth in Lending Compliance Statement

| ANNUAL PERCENTAGE RATE — The cost of your credit as a yearly rate. | Amount Financed — The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| Prior to repayment: 2.93 %   During repayment: 9.00 % | $ 2,306.28 | Prepayment: If you pay off early, you [ ] may [X] will not have to pay a penalty. [ ] may [X] will not be entitled to a refund of part of the finance charge. See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,306.28

Loan Amount $ 2,500.00   Less: Prepaid Finance Charge $ 193.72   Equals: Amount paid to you $ 2,306.28
Includes:
Insurance Premium $ 68.72
Origination fee  $ 125.00    NOTE 1 OF 1
( 5 % of Loan Amount)

### Promise to Pay Statement

THE WORDS I, ME, AND MINE REFER TO THE MAKER. THE WORDS YOU, YOUR, AND YOURS REFER TO THE LENDER OR SUBSEQUENT HOLDER.

FOR VALUE RECEIVED, I promise to pay to the order of __Itasca Bank & Trust Co.__ the Lender, or any subsequent holder, within the grace period after I either leave school or cease to carry at least one-half the normal academic workload at an eligible educational institution, the loan amount of $ 2,500.00 with interest on this loan amount, from the loan disbursement date, at the rate of 9.00 % per year until the Note is fully paid. To the extent interest on this Note shall be paid to the Lender on my behalf by the Secretary of Education of the United States, (hereinafter referred to as the Secretary), my obligation to pay interest shall be abated. The total of payments on this Note shall be (1), totalling $ 2,500.00 and shall be due on or before 11/30/86 , or at my option, I may select periodic payments by executing a Payout Note upon either leaving school or ceasing to carry at least one-half the normal academic workload.

NOTICE OF GUARANTEE TO THE LENDER:

| School Term Dates: From | To | Insurance Premium: From | To | Date Processed |
|---|---|---|---|---|
| 01/84 | 12/84 | 04/01/84 | 12/31/86 | 01/12/84 |

0246963

| Amount Guaranteed | Reduction Code | Academic Level | Amount Guaranteed At Academic Level | Amount Guaranteed To Date | Anticipated Date of Graduation |
|---|---|---|---|---|---|
| 2,500.00 | NONE | SOPHOMORE | 2,500.00 | 5,000.00 | 06/30/86 |

I HEREBY ACKNOWLEDGE THAT I HAVE READ BOTH SIDES OF THIS NOTE INCLUDING ALL DISCLOSURES AND MY RIGHTS AND RESPONSIBILITIES. THERE ARE NO BLANK SPACES ON THIS NOTE ABOVE MY SIGNATURE. I AUTHORIZE THE USE OF MY SOCIAL SECURITY ACCOUNT NUMBER ON THIS NOTE AND THE OBTAINING AND GIVING OF CREDIT REPORTS ON ME IN CONNECTION WITH THIS LOAN. I AUTHORIZE MY SCHOOL AT ANY TIME TO RELEASE INFORMATION CONCERNING MY USE OF THE LOAN FUNDS. I HAVE RECEIVED AN EXACT COPY OF THIS NOTE.

_Daniel E Mackenzie_
Signature of Maker

REDACTED
Social Security Number

1-19-84
Date Signed

1, 19, 84
Estimated Date of Disbursement

LENDER COPY

PRINTED BY AUTHORITY OF THE STATE OF ILLINOIS

ISSC/ED-888-5/82

EXHIBIT A

**SECURITY INTEREST:**
All of my funds and property now or later in your custody, or in transit, shall be subject to a lien for my unpaid liabilities to you, and upon occurrence of a default hereunder, you shall have the right to off-set against such funds and property.

**PREPAID FINANCE CHARGE:**
A. INSURANCE PREMIUM: I agree to pay to you the Insurance Premium shown on the reverse side in the Itemization of the Amount Financed, on the date the loan proceeds are disbursed. I understand that you must pay the Illinois State Student Loan Program this Insurance Premium to obtain guarantee of this Note. I further understand that this Insurance Premium is equal to 1/12 of 1% of the loan amount for each month between the Insurance Premium and the loan dates shown on the reverse side. I further acknowledge that no part of this Insurance Premium is refundable after I have endorsed the check which represents the proceeds of the loan.
B. ORIGINATION FEE: I agree to pay to you the Origination Fee, shown on the reverse side in the Itemization of the Amount Financed, on the date the loan proceeds are disbursed. This Origination Fee is the amount authorized by Federal law. I understand that this Origination Fee is not refundable after I have endorsed the check which represents the proceeds of the loan.

**AGREEMENTS:**
Before funds are disbursed, I must sign this Note which includes the Borrower's Rights and Responsibilities. The loan proceeds must be forwarded to the school not earlier than 30 days prior to the beginning of the school term dates. (Under no circumstances should the Lender disburse funds directly to me.)
You and I agree that the maturity dates of all my other Interim Notes held by you and guaranteed by the Illinois State Scholarship Commission (hereinafter referred to as ISSC) shall be extended to the maturity date of this Note. I agree to observe and comply with all rules and regulations of the ISSC relating to this guaranteed loan and to inform you and the ISSC in writing within 10 days of any changes occurring in my school enrollment status, or in my name or address. I further authorize you to obtain enrollment and address information from any of the officers or agents of the educational institution in which I intend to become enrolled, am enrolled, or was enrolled. As a condition of receiving this loan, I agree that any subsequent legal proceedings, necessary to enforce the obligations to the ISSC, may be instituted in the County of Cook, State of Illinois, and that I will not object thereto, notwithstanding that at the time such proceedings are instituted, I may reside in a County other than Cook County. If I fail to make any payments when they are due, I will also pay all charges and other costs——including, but not limited to, reasonable attorney's fees and collection costs——incurred for the collection and/or enforcement of this Note.

**DEFERMENT:**
My payments of principal will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the Guaranteed Student Loan Program (hereinafter referred to as GSLP) in any of the circumstances described below:
1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary, or
   D. A rehabilitation training program for disabled individuals approved by the Secretary.
2. For periods not exceeding 3 years for each of the following while I am——
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps Volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary has determined is comparable to service in the Peace Corps or Action programs; or
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking, but unable to find, full-time employment in the United States.
To be granted a deferment, I must provide you with written evidence of my eligibility I must subsequently notify you as soon as the condition for which the deferment was granted no longer exists.

**ACCELERATION PROVISION:**
Upon the occurrence of any of the following events of default, this Note shall, at your option, become immediately due and payable: (1) I fail to make payments when due, or any installment of interest, unless you agree to allow the accrued interest to be capitalized as part of the principal amount at the signing of the Payout Note; or (2) I file a petition in bankruptcy; or (3) I shall have either left school or cease to carry at least one-half the normal academic workload at an eligible educational institution unless within 5 months after such cessation I shall have discharged this Note and all of my other Notes held by you by execution of a Payout Note, payable in equal monthly installments beginning within 30 days of the end of the Grace Period after cessation of enrollment or graduation, as the case may be; or (4) I make a false representation in any material respect on the loan application. All such representations contained in my loan application are incorporated herein by reference and made a part hereof. In the event of acceleration, interest shall continue to accrue on any unpaid balance. I hereby waive demand and presentment for payment and notice of dishonor.

**ACKNOWLEDGMENTS:**
I acknowledge that under the Higher Education Student Assistance Law (Illinois Revised Statutes, Chapter 122, Section 30-15.11), I am legally obligated for payment of this Note even though I may be under the age of majority. I acknowledge receipt of an exact copy of this Note prior to consummation of the transaction.

**CANCELLATION:**
Upon the occurrence of my death, or if I become totally and permanently disabled (as determined by the rules and regulations of the ISSC), all loans shall be cancelled and reimbursements should be requested.

PAY TO THE ORDER OF THE ILLINOIS STATE SCHOLARSHIP COMMISSION

*[signature]*
Stanley R. Simpson
Ass't Vice President
2/18/88

---

**BORROWER'S RIGHTS AND RESPONSIBILITIES**

1. **THE YEARLY AND CUMULATIVE MAXIMUM AMOUNTS THAT MAY BE BORROWED**

| Category of Borrower | Loan Limit per Academic Level | Aggregate Loan Limit |
|---|---|---|
| Undergraduate | $2,500 | $12,500 |
| Graduate or Professional | 5,000 | 25,000 (including undergraduate loans) |

2. **THE TERMS ON WHICH REPAYMENT WILL BEGIN**
   A. If I have an outstanding student loan bearing an interest rate of 7% or less, I am entitled to a 9 month grace period prior to beginning repayment of my loan. If I have an outstanding student loan bearing an interest rate of 9%, I am entitled to a 6 month grace period prior to beginning repayment of my loan.
   B. My grace period will begin on the day after I graduate or cease to be enrolled at least half-time at an eligible educational institution. I realize that I may choose to waive part or all of my grace period. If I choose to do so, I must submit a written request to you and sign a Payout Note. My first payment will then be due within 30 days of the signing of the Payout Note.
   C. I understand that I must make arrangements with you to sign a Payout Note within the first 5 months of my grace period.
   D. I understand that my first payment will be due within 30 days of the end of my grace period.

3. **THE MAXIMUM NUMBER OF YEARS IN WHICH THE LOAN MUST BE REPAID**
   A. I am aware that you will offer me repayment terms of at least 5 years, and not to exceed 10 years, provided that the $600 minimum annual repayment requirement is fulfilled.
   B. During my grace period, I may, if I choose and you agree, request in writing a shorter repayment period than 5 years. However, if I find later that I cannot meet these larger payments, then you must rewrite the Payout Note to allow me a total repayment period of 5 years.

4. **THE INTEREST RATE THAT WILL APPLY, AND THE MINIMUM AMOUNT OF REQUIRED MONTHLY OR OTHER PERIODIC PAYMENTS**
   A. I understand that if I have an outstanding guaranteed loan bearing an interest rate of 7% or less on the date I sign the Note for this loan, this loan and any subsequent loans I may obtain will also be at the 7% interest rate.
   B. I understand that if I am borrowing for the first time and for a period of instruction which begins on or after 1/1/81, this loan and any subsequent loans I may obtain will be at a 9% interest rate.
   C. Subject to the amount I borrow, the minimum monthly payment that I must pay is at least $50. If both my spouse and I have guaranteed loans outstanding, the combined payment must be at least $50 to all Holders of my/our guaranteed student loans.
   D. If I am eligible for Federal Interest Benefits, the Federal Government will pay the interest that accrues on the loan both before the repayment period, during any authorized deferment period, and during the 6 month post-deferment extension period, and you may not collect or attempt to collect this interest from me.

5. **RIGHTS OR OPTIONS I MAY HAVE FOR DEFERMENT, CANCELLATION, PREPAYMENT, CONSOLIDATION OR OTHER REFINANCING OF THE LOAN**
   A. If I meet certain requirements, I have the right to defer payments on the loan as set forth under DEFERMENT in the Note. Also, I may have a right to a 6 month post-deferment extension after each period of authorized deferment.
   B. If you sell the loan or otherwise transfer the right to receive payment, I must be sent a clear notification which spells out my obligation to the party to which my loan was sold.
   C. My loan obligation will be cancelled if I become totally and permanently disabled or if I die. The GSLP does not have provisions which enable this loan to be cancelled or forgiven in whole or in part if I become a teacher.
   D. I have the right to an early repayment of the whole loan, or any portion of the loan, at any time without penalty.
   E. If I am willing, but financially unable, to make payments under my repayment schedule, I may request you to allow for any of the following: (1) a short period during which I make no payments; (2) an extension of time for making payments; or, (3) the making of smaller payments than were scheduled originally. However, you are not required to approve my request.
   F. I may request that my Guaranteed Student Loans, as well as my National Defense/Direct Student Loans and Health Education Assistance Loans, be consolidated into one longer-term loan to be made by the Student Loan Marketing Association (SLMA or Sallie Mae) if I have outstanding a total of more than $5,000 of these loans either: (1) under more than one of the above programs; (2) from more than one Lender; or (3) insured by more than one guarantor. Also, if I have outstanding Guaranteed Student Loans in excess of $7,500 from a single Lender, I may request that SLMA consolidate them into a new loan. Additional details on how this would affect my payment schedule and interest rate are available from the Student Loan Marketing Association, 1055 Thomas Jefferson Street N.W., Washington, D.C. 20007.

6. **A DEFINITION OF DEFAULT AND THE CONSEQUENCES TO ME IF I SHOULD DEFAULT, INCLUDING A DESCRIPTION OF ANY ARRANGEMENTS MADE WITH CREDIT BUREAU ORGANIZATIONS**
Default occurs when I fail to make an installment payment when due, or to meet other terms of the Note under circumstances where the State of Illinois finds it reasonable to conclude that I no longer intend to honor the obligation to repay. If I default, you will ask the State of Illinois to purchase my loan, at which time I will owe the entire balance of the loan directly to the State of Illinois. You or the State of Illinois may report my failure to pay my loan to a credit bureau, which may injure my credit rating. Upon request, you must describe any arrangements made with credit bureau organizations concerning student loans.

7. **A STATEMENT CONCERNING THE EFFECT, TO THE EXTENT PRACTICABLE, WHICH THIS LOAN WILL HAVE ON MY ELIGIBILITY FOR OTHER FORMS OF STUDENT ASSISTANCE**
I should investigate the availability of other forms of financial aid with my school's financial aid administrator. It may be to my benefit to determine my eligibility for grants, work-study funds, and other sources of assistance before applying for a student loan. I understand that the receipt of a Guaranteed Student Loan may eliminate or reduce any funds that I may receive from other programs.

8. **BORROWER'S RESPONSIBILITIES**
   A. I must use the proceeds that I received from this loan for tuition and other reasonable and authorized expenses including room, board, fees, books, supplies, equipment, laboratory, transportation and commuting, all of which must be incurred only for the purposes of attending the school named for the period indicated on the loan application.
   B. I must notify you promptly, in writing, if any of the following events occur before the loan is repaid: (1) my failure to enroll in school for the period for which the loan was intended; (2) my withdrawal from school or my attendance in school on less than a half-time basis; (3) my transfer from one school to another school; (4) my graduation; (5) change of my name (e.g., maiden name to married name); and (6) a change of my address.

NOTE: If the Lender has terms or conditions which differ from the above, these terms or conditions must be provided to me in writing.

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

DANIEL E. MACKENZIE
721 CLAY ST APT 1S
WOODSTOCK, IL 60098-3397
Account No. XXXX

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/18/2017.

On or about 01/19/1984, the BORROWER executed promissory note(s) to secure loan(s) of $5,000.00 from ITASCA BANK AND TRUST CO - ITASCA, IL. This loan was disbursed for $5,000.00 on 06/15/1988 AT 9.00 % interest per annum. The loan obligation was guaranteed by ILLINOIS GUARANTEED LOAN PROGRAM, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 06/16/1988, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,384.66 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 01/30/1995, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $30.50 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $ 5,150.03 |
| Interest: | $ 12,621.14 |
| Total debt as of 10/18/2017: | $ 17,771.17 |

Interest accrues on the principal shown here at the rate of $1.27 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10/18/17

Loan Analyst  Brad Yoder
Litigation Support Unit  Loan Analyst

EXHIBIT B